IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL HARTNESS, | ) | |
| | ) | No. 4:12-cv-2978-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R&R") that this court reverse Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") and remand the case to the Commissioner for further administrative action. The Commissioner filed objections to the R&R. For the reasons set forth below, the court adopts the R&R, reverses the Commissioner's decision, and remands the case for further administrative proceedings.

## I. BACKGROUND

### A. Procedural History

Plaintiff Michael Hartness ("Hartness") filed an application for DIB and SSI on July 31, 2006, alleging disability beginning October 1, 2000. Tr. 140-42. The Social Security Administration ("the Agency") denied Hartness's claim initially and on reconsideration. Tr. 103-17. Hartness requested a hearing before an administrative law judge ("ALJ"), and ALJ Richard L. Leopold held a hearing on April 2, 2009. Tr. 126-28. The ALJ issued a decision on August 17, 2009, finding Hartness not disabled under the

1

Social Security Act. Tr. 89-102. Hartness requested Appeals Council review of the ALJ's decision. Tr.134. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner. Tr. 570-73.

On July 8, 2010, Hartness filed an action in federal court.[1] The Commissioner filed a motion to remand to the Commissioner for further administrative proceedings. Hartness filed a response consenting to the remand. On August 28, 2009, the magistrate judge entered an order remanding the case under sentence four of 42 U.S.C. § 405(g). Supplemental hearings were held on December 9, 2011 and March 16, 2012 before ALJ Kevin F. Foley. Tr. 540-69, 756-803. On June 14, 2012, the ALJ issued a decision that was partially favorable, finding Hartness disabled from September 2, 2002 through June 1, 2008. Tr. 514-37.

Hartness filed this action on October 15, 2012, seeking review of the ALJ's decision. The magistrate judge issued an R&R on January 16, 2014, recommending that this court reverse the ALJ's decision and remand the case to the Commissioner for further administrative proceedings. The Commissioner filed objections to the R&R on February 3, 2014.

B.     **Medical History**

Hartness was born on November 12, 1967. Tr. 85. He has a ninth-grade education and past relevant work experience as a welder. He last worked on November 1, 1999, when he lost his job. Tr. 169. He alleges that he became disabled on October 1, 2000, due to degenerative disc disease, a foot injury, sleep apnea, depression, and severe

---

[1] Hartness v. Comm'r of the Soc. Sec. Admin., No. 4:10-cv-1776-CMC-TER (D.S.C. filed July 8, 2010).

anxiety. Tr. 169, 250. Because Hartness's medical history is not at issue here, the court dispenses with a recitation of those facts. R&R 2-5.

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Hartness was disabled from October 1, 2000 through June 14, 2012. The ALJ first determined that Hartness did not engage in substantial gainful activity during the period at issue. Tr. 522. Second, the ALJ found that Hartness suffered from the following severe impairments: residuals from surgery of the left heel times two, obesity, knee pain, gout, and chronic low back pain. Tr. 525. At step three, the ALJ determined that between October 1, 2000 and September 2, 2002, Hartness's combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments ("the Listings"). Tr. 525; see 20 C.F.R. Part 404, Subpart P, Appendix 1. However, the ALJ determined that from September 2, 2002 through June 1, 2008, Hartness had impairments which met the criteria of Listings 1.02 and 1.03 of the Listings. Tr. 526. The ALJ accordingly determined that Hartness was disabled during that period. Id. Before reaching the fourth step, the ALJ determined that Hartness had the residual functional capacity ("RFC") to perform the full range of light work between October 1, 2000 and September 2, 2002. Tr. 525. Since Hartness's past relevant work involved "heavy levels of physical exertion," the ALJ found, at step four, that he was unable to perform his past relevant work between at all times relevant to the decision. Id. At step five, the ALJ concluded that Hartness was not disabled between October 1, 2000 and September 2, 2002. Id.

The ALJ found that medical improvement occurred as of June 2, 2008 and that although Hartness had the same severe impairments as those present from September 2, 2002 through June 1, 2008, he no longer had an impairment or combination of impairments that met or equaled one of the impairments listed in the Listings. Tr. 527. The ALJ found that subsequent to June 2, 2008, Hartness had the RFC to perform light work with several limitations. Id. Specifically, the ALJ determined that Hartness required a job with a sit/stand option and could perform jobs requiring only occasional stooping, squatting, crawling, and climbing of ramps or stairs, and could not climb scaffolds or ladders, or use his feet and legs for pushing, pulling, or the operation of foot controls. Tr. 527. At the fifth step, the ALJ found that considering Hartness's age, education, work experience, and RFC, Hartness could perform jobs existing in sufficient numbers in the national economy, specifically the jobs of information clerk, storage facility rental clerk, and parking lot attendant. Tr. 527-28. Consequently, the ALJ determined that Hartness was not disabled subsequent to June 2, 2008. Tr. 528.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.  DISCUSSION

The Commissioner objects to the R&R on two grounds:  (1) the magistrate judge erred in faulting the ALJ for not evaluating or discussing the weight given to Dr. Harriet Steinert's report when making his RFC determination; and (2) the magistrate judge erred in finding that the ALJ failed to set forth substantial evidence supporting a finding of medical improvement.  Because the Commissioner's first objection fails, and therefore the court remands the case for further administrative proceedings, the court need not consider the Commissioner's second objection.

A claimant's RFC is his maximum ability to work despite his impairments.  20 C.F.R. §§ 404.1545, 416.945.  The importance of a comprehensive RFC assessment is supported by its necessity at two stages of a disability evaluation. The RFC "is used at step 4 of the sequential evaluation process to determine whether an individual is able to

do past relevant work, and at step 5 to determine whether an individual is able to do other work." Id.

> Social Security Ruling 96-8p provides that:
>
> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing <u>specific</u> medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform <u>based on the evidence available in the case record</u>. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

(emphasis added). The ruling goes on to emphasize that "the RFC assessment must always consider and address medical source opinions." SSR 96-8p.

Thus, when "determining the claimant's residual functional capacity, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments." <u>McGuire v. Astrue</u>, 2008 WL 4446683, at *5 (S.D. W. Va. 2008) (quoting <u>Ostronski v. Chater</u>, 94 F.3d 413, 418 (8th Cir. 1996)). While the ALJ is not required to discuss every piece of evidence, if he does not mention material evidence, the court cannot say his determination was supported by substantial evidence. See <u>Arnold v. Sec'y of Health, Educ. & Welfare</u>, 567 F.2d 258, 259 (4th Cir. 1977) ("The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that

6

his decision is supported by substantial evidence approaches an abdication of the court's duty . . . .").

On January18, 2012, Dr. Steinert examined Hartness at the request of the Commissioner. Tr. 748-55. Dr. Steinert diagnosed Hartness with morbid obesity, hypertension, S/P left heel fracture, arthritis of the right knee, and degenerative disc disease of the lumbar spine. Tr. 749. Following her examination, Steinert opined that Hartness could lift and carry ten pounds continuously, eleven to twenty pounds occasionally, and never more than twenty pounds; could sit for fifteen minutes at a time, up to two hours per eight-hour workday; stand for five minutes at time, up to two hours per eight-hour workday; walk for five minutes at a time, up to two hours per eight-hour workday; and could occasionally climb, balance, stoop, kneel, crouch, and crawl. Tr. 750-55.

Although the ALJ briefly discussed Dr. Steinert's examination of Hartness, he did not mention her opinion regarding functional limitations and did not discuss her opinion in the RFC portion of his decision. The ALJ's entire discussion of Hartness's RFC subsequent to June 2, 2008, is limited to the following:

> After careful consideration of the entire record, I find that subsequent to June 2, 2008, the claimant had a residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he would need a job with a sit/stand option and could perform jobs requiring only occasional stooping, squatting and crawling, only occasional climbing of ramps or stairs and could not climb scaffolds or ladders of use his feet and legs for pushing, pulling or the operation of foot controls.

Tr. 527.

Because the ALJ failed to discuss the functional limitations opined by Dr. Steinert and, more broadly, failed to engage in any "narrative discussion" describing how he

7

evaluated the evidence of record, the court finds that the ALJ's RFC assessment does not meet the requirements of SSR 96-8p and is not supported by substantial evidence. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that failure by the ALJ to explain a decision makes it "simply impossible to tell whether there was substantial evidence to support the determination"). Therefore, the case must be remanded to the Commissioner for further administrative proceedings.

Because the ALJ's failure to adequately explain his RFC determination is a sufficient basis for remand, the court will not address the R&R's additional ground for remand. However, the ALJ should consider the R&R's allegations of error regarding the analysis of medical improvement and the evaluation of Hartness's credibility when reviewing the case on remand.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **VACATES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 21, 2014**
**Charleston, South Carolina**